UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAREN E. RAE,<br><br>        Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>        Defendant. | Case No. 2:13-cv-00971-GMN-CWH<br><br>**Findings & Recommendation** |

This matter is before the Court on Plaintiff's Motion for Reversal/Remand (#23), filed September 9, 2013; Defendant's Response (#33) and Cross Motion to Affirm (#32), filed December 16, 2013, and Plaintiff's Reply (#34), filed January 6, 2014.[1]  The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B)-(C)) and Local Rule IB 1-4 for issuance of findings and recommendation. This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Karen E. Rae's application for a period of disability and disability insurance benefits and her application for supplemental security income.

## BACKGROUND

### I.    Procedural History

On March 29, 2010, Plaintiff filed an application for a period of disability and disability insurance benefits alleging she became disabled on May 5, 2009. (A.R. 134-135).[2]  Her claims were denied initially on August 27, 2010, and upon reconsideration on December 13, 2010. (A.R. 93-95, 96-98). On November 21, 2011, Plaintiff and her representative appeared for a hearing before Administrative Law Judge ("ALJ") Barry H. Jenkins. (A.R. 35-73). On December 23, 2011, the ALJ issued an unfavorable decision finding the Plaintiff was not under a disability, as defined in the Social

---

[1] Refers to the Court's docket number.

[2] A.R. refers to the Administrative Record in this matter. (Notice of Manual Filing #15).

Security Act, from March 29, 2010 through the date of the decision. (A.R. 23-30). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 5, 2013. (A.R. 1-6). On June 3, 2013, Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Compl. #1).

## II. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. § 404.1520 and issued an unfavorable decision on December 23, 2011. (A.R. 23-30). At step one, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014, and had not engaged in substantial gainful activity ("SGA") from May 5, 2009, the alleged onset date. (A.R. 25, Findings 1-2). At step two, the ALJ found that Plaintiff had the following severe impairments: failed back syndrome, status post fusion, and right leg paresthesia (20 CFR §§ 404.1520(c) and 416.920(c)). (A.R. 25, Finding 3). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. 27, Finding 4). The ALJ found Plaintiff capable of performing a residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. § 404.1529 and 416.929 and SSRs 96-4p and 96-7p. (A.R. 27, Finding 5.) The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms not fully credible. (A.R. 29).

At step four, the ALJ found Plaintiff capable of performing her past relevant work ("PRW") as a receptionist. (A.R. 29, Finding 6). The ALJ made no alternative step five finding. Based on all of these findings, the ALJ found Plaintiff not disabled and denied her application for a period of disability and disability insurance benefits. (A.R. 7, Finding 7).

## DISCUSSION

### I. Judicial Standard of Review

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in

which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); see also *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate,

should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## II. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. §

404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's RFC. 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity ("RFC") to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the

---

[3] SSRs constitute SSA's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. § 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

### III. Analysis and Findings

Plaintiff seeks reversal of the ALJ's for the following reasons: (1) the ALJ improperly rejected the opinion of treating physician Dr. DeShazo and committed harmful legal error when he found that Plaintiff can perform the full range of sedentary work, and (2) the ALJ erred when he found that Plaintiff has past relevant work as a receptionist because it is based upon an erroneous classification of her past relevant work, as it was a composite job and not exertionally sedentary. In response, the Commissioner contends that the ALJ properly assessed medical opinions of both physicians and correctly concluded that Plaintiff can perform her past relevant work.

#### A. Opinion Evidence

The treating or examining sources which have assessed the impact of Plaintiff's spinal impairments on her physical function are treating family practitioner Dr. DeShazo and examining surgeon Dr. Cabaluna. Plaintiff argues that the ALJ gave neither assessment controlling weight, giving "little weight" to Dr. DeShazo and "some weight" to Dr. Cabaluna, but in reality gave no weight to either opinion. Plaintiff argues that the conclusion that Plaintiff can perform the full range of sedentary work does not comport with the opinion of either doctor and, therefore, is not supported by substantial weight. Plaintiff also argues: (1) that the ALJ's claim that Dr. DeShazo's opinions are "inconsistent with the record as a whole" is not supported by the record; and (2) that Dr. DeShazo's opinion that

6

Plaintiff is "disabled" is not an opinion entitled to controlling weight simply because "disability" is an issue reserved for the Commissioner, as was stated by the ALJ. The Commissioner argues that the ALJ need not accept the opinion of any physician if that opinion is brief, conclusory, and inadequately supported by clinical findings, as was the opinion of Dr. DeShazo. The Commissioner asserts that the opinion of Dr. Cabaluna was supported by objective examination and independent clinical findings.

Generally, a treating physician's opinion is entitled to more weight than a non-treating physician's opinion because a treating physician is "employed to cure and has a greater opportunity to know and observe the patient as an individual." *Ramirez v. Shalala*, 8 F.3d 1449, 1453 (9th Cir.1993); *see also* 20 C.F.R. §§ 404.1527 and 416.927. Accordingly, a treating physician's opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with other substantial evidence in the record. *See* SSR 96-2p. If the ALJ declines to award a treating physician's opinion controlling weight and it is not contradicted by another physician, then the ALJ must give clear and convincing reasons for rejecting the uncontradicted opinion. *Thomas*, 278 F.3d at 957. If the ALJ declines to give controlling weight and the treating physician's opinion is contradicted, then the ALJ must provide "specific and legitimate reasons" supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (relying on *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir.2007) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir.1998)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725 (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

However, a treating physician's opinion is not necessarily conclusive of an individual's physical condition or the ultimate issue of disability. *See Magallanes*, 881 F.2d at 751. Additionally, an ALJ is not required to accept a treating physician opinion that is brief, conclusory, and inadequately supported by clinical findings or the record as a whole. *See Batson v. Comm'r of SSA*, 359 F.3d 1190, 1195 (9th Cir. 2004). Nevertheless, the ALJ must weigh a treating physician's opinion using the factors provided by 20 C.F.R. §§ 404.1527 and 416.927 and provide good reasons for the weight given. *See* SSR 96-2p.

The ALJ explained that Plaintiff has not received the type of medical treatment one would

7

expect for a totally disabled individual.  As to her back pain, after her prior surgeries in 2001 and 2003, she never sought or received treatment from a specialist, and only received minimal conservative treatments for her allegedly disabling impairments from a general practitioner.  Nor did she require emergency room or hospital treatment, extensive evaluation or testing during the period she claimed disability. (A.R. 27-28.)  The ALJ reviewed in detail the extensive findings of Dr. Cabaluna's examination, which indicated normal ranges of motion, gait, posture, and squat and rise, and his conclusion that Plaintiff could lift and carry 50 pounds occasionally, 25 pounds frequently, stand or walk for six hours in an 8 hour workday, and sit for six hours in an 8 hour workday. (A.R. 28.)  He also noted that Dr. Karelitz found in December 2010 that claimant could perform work at light exertional level.

In comparison, the ALJ gave "little weight" to Dr. DeShazo's opinion, which stated that Plaintiff could perform work at less than the full range of sedentary exertional level, and that she was totally and permanently disabled due to her herniated disc, failed back surgery, and right leg paresthesia because it was inconsistent with the record as a whole. (A.R. 28).  The ALJ properly noted that a physician's findings of "disabled" is not given controlling weight or given special significance because the determination of disability under the Act is reserved for the Commissioner.  (A. R. 28-29); SSR 96-5p; 20 CFR 404.1527(d)(1); *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011).

Unlike Dr. DeShazo, Dr. Cabaluna provided detailed objective findings and testing results. (A.R. 233-238.)  The ALJ's assignment of "little weight" to Dr. DeShazo's opinion is supported by specific and legitimate reasons based on the conflict with other objective medical evidence and opinion evidence in the record.  Accordingly, the ALJ gave good reasons for giving little weight to Dr. DeShazo's opinion and giving greater weight to examining source Dr. Cabaluna and the determination to do so is not a defect requiring remand.

**B.     Past Relevant Work**.

Plaintiff testified that her past relevant work was for an architect entailed photocopying, filing, answering phones, and document preparation. (A. R. 43, 71). The vocational expert ("VE") characterized that past relevant work as a receptionist, a sedentary, semi-skilled job. (Tr. 63-64). In so doing, the VE indicated that he had separated out the receptionist tasks of that job, performed at the sedentary level, from the office helper tasks, performed at a light level, despite the fact that those tasks

were performed within the same job. (A. R. 65).

The ALJ at step four found that Plaintiff could perform her past relevant work as "receptionist," a job which he characterized as a sedentary, semi-skilled job as it is both "actually and generally performed" (A.R. 29). Plaintiff argues that the ALJ's classification of Plaintiff's past relevant work as "receptionist" improperly segregates the sedentary, receptionist-type tasks from the exertionally light, office clerk aspects of that job, focusing exclusively on the prior aspect. Plaintiff argues that had the ALJ correctly found that she is capable of no more than sedentary work, and noting that all of her past relevant work is properly classified as exertionally light, then the analysis must proceed to step five, where Plaintiff, in light of her age (closely approaching advanced age), lack of transferable skills, and capacity for no more than sedentary work would be found disabled by virtue of the grid rules. See 20 C.F.R. pt. 404, subpt. P, app. 2 § 201.09. The Commissioner responds that the ALJ correctly found that the Plaintiff can perform her past relevant work as it was actually performed.

The step four inquiry into whether a claimant can perform her past relevant work is a bifurcated inquiry: if the claimant can perform her past relevant work either as actually performed, or as generally performed, the Commissioner will find her not disabled. 20 C.F.R. §§ 416.920(f), 416.960(b)(3); *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) ("A claimant must be able to perform her past relevant work either as actually performed or as generally performed in the national economy."); *see also* SSR 96-8p ("the first consideration at [step four] is whether the individual can do past relevant work as he or she actually performed it," and if not, "the adjudicator must consider whether the individual can do the work as it is generally performed in the national economy.").

SSR 82-61 and SSR 82-62 permit the ALJ to rely on the DOT regarding how a position is generally performed, or on VE testimony. Moreover, SSR 00-4p permits the ALJ to rely on VE testimony even if it may conflict with the DOT if the reason for the conflict is addressed in the examination and decision. *See also Massachi v. Astrue*, 486 F.3d 1149, 1152-54 & n. 19 (9th Cir. 2007) (when the ALJ relies on a VE, the ALJ must determine whether the testimony of the VE is consistent with the DOT, but failure to inquire may be harmless if there was no conflict or there was sufficient support from the VE).

Here, the ALJ took testimony from a VE regarding Plaintiff's past relevant work. Although the VE initially testified that the past work with the architect could be described as either receptionist

9

(sedentary) or office helper (light) duties (A.R. 63-65, 69), when the ALJ and counsel asked clarifying questions, the VE definitively testified that Plaintiff's past relevant work as a receptionist, as it was performed and as it generally performed in the national economy, was best classified by the DOT as sedentary, semiskilled work (AR 63 (citing DOT code 237.367-038), 68, 70 ("it's a receptionist job, and we'll categorize it as that, and do away with the office helper")).  Because the ALJ determined that Plaintiff had the RFC to perform sedentary work (A.R. 27) (citing 20 C.F.R §§ 404.1567(a), 416.967(a)), the ALJ concluded that Plaintiff was capable of performing her past relevant work as a receptionist because it does not require the performance of work related activities precluded by her RFC (A.R. 29) (citing 20 C.F.R §§ 404.1565, 416.965)). Based on these findings, the ALJ appropriately concluded that Plaintiff was not disabled (A.R. 29 )(citing 20 C.F.R §§ 404.1520(f), 416.920(f))).

Plaintiff's argument that the ALJ erred when he culled out the more physically intensive clerking tasks of her past relevant work ignores Plaintiff's description of her job duties and the VE's analysis.  Plaintiff testified that she "sat at a desk there" and exclusively performed receptionist work for the architect.  (A.R. 42-43).  When questioned by her own counsel about her receptionist job duties, Plaintiff reiterated that she was sitting a majority of the day and was not required to perform any lifting. (A.R. 54).  When the ALJ questioned Plaintiff to clarify, she again testified that her receptionist job was largely sitting and involved no lifting.  (A.R. 71).  Moreover, the testimony supports the VE's summation that this past relevant work which he described exclusively as a receptionist as Plaintiff performed the duties, and as they are generally performed, i.e., performed in a sitting position with little weight lifted, and not light in exertion.  (A.R. 70); 20 C.F.R §§ 404.1567(a), 416.967(a) (defining sedentary work); 20 C.F.R §§ 404.1567(b), 416.967(b) (defining light work).  Based on the clarifying testimony elicited from both Plaintiff and the VE at the hearing, there is no basis to assert that Plaintiff's work was a composite position, which would include the greater exertional duties contemplated by the DOT's office clerk listing.  Indeed, the description of duties for an office helper includes duties far beyond the exertional level of those described by Plaintiff.  *See* DOT No. 239.567-010 (Office Helper) (e.g., furnishes workers with clerical supplies, collects and distributes paperwork from one department to another, may deliver items).  Plaintiff has offered no legitimate basis to challenge the ALJ's reliance upon the VE's well-supported testimony in finding that Plaintiff

retained the functional capacity to perform her past relevant work.

**IV.    Conclusion**

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and articulates reasons for the findings that satisfy the requisite legal standards.

Based on the foregoing and good cause appearing therefore,

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal/Remand (#23) be **denied**.

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm (#32) be **granted**.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED: October 22, 2014.

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**